# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

KENNETH MERRITT,

    Plaintiff,

v.                                                                       Case No. 2:24-cv-2574-MSN-atc
                                                                         JURY DEMAND

JUDGE MARY WAGNER,

    Defendant.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
## ADOPTING REPORTS AND RECOMMENDATIONS FOR DISMISSAL

Before the Court are the Magistrate Judge's Report and Recommendation for Dismissal (ECF No. 18, "First Report") and Report and Recommendation for Dismissal and Order on Pending Motion (ECF No. 36, "Second Report"). Four days after the First Report was entered, Plaintiff filed a "Motion to Set Aside Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)," (ECF No. 19) which the Clerk's office docketed as objections to the First Report. Plaintiff filed objections to the Second Report on July 28, 2025. Defendant did not respond to Plaintiff's objections to the Second Report and the time for doing so has passed. For the reasons set forth below, Plaintiff's objections to the Second Report are **OVERRULED**, and the Second Report is **ADOPTED** in its entirety as to claims against Defendant Judge Mary Wagner. The First Report is **ADOPTED** as to Plaintiff's claims against the City of Memphis, which are **DISMISSED** without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

2

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## PLAINTIFF'S OBJECTIONS TO THE SECOND REPORT

Plaintiff asserts six objections, which the Court addresses in turn below.

### A.   Magistrate Judge Made Factual Findings Not Supported by the Record

Plaintiff asserts that the Magistrate Judge made factual findings that were not supported by the record. (ECF No. 37 at PageID 140.) Specifically, he says that there was no certificate of service or ECF record showing that he was served with the Magistrate Judge's Orders to Show Cause (ECF Nos. 16 & 17) and that he filed his objections to the Magistrate Judge's Report and Recommendation for Dismissal (ECF No. 18, "First Report") and a Motion for Order to Show Cause (ECF No. 20) before he received a notice of hearing. He asserts that the Magistrate Judge entered the First Report without giving him an opportunity to be heard.

First, as the Second Report explains, Merritt consented to receiving notice of electronic filings via email. (*See* ECF No. 36 at PageID 130 n.2; ECF No. 4.) In the Agreement to Receive Notice of Electronic Filing NEF, Plaintiff provided his email address as KEN-MERRITT@MSN.COM. (*See* ECF No. 4.) And contrary to Plaintiff's objection, the Court's CM/ECF system recorded that notice of the Magistrate Judge's Show Cause Orders was sent to Plaintiff's email address. The notice of the Magistrate Judge's Order to Show Cause (ECF No. 16) was sent to Plaintiff's email address on November 20, 2024, at 11:02 a.m. central standard time:

3

> **U.S. District Court**
> **Western District of Tennessee**
>
> **Notice of Electronic Filing**
>
> The following transaction was entered on 11/20/2024 at 11:02 AM CST and filed on 11/20/2024
> **Case Name:**       Merritt v. Wagner
> **Case Number:**     2:24-cv-02574-MSN-atc
> **Filer:**
> **Document Number:** 16
>
> **Docket Text:**
> ORDER TO SHOW CAUSE. Signed by Magistrate Judge Annie T. Christoff on November 20, 2024. (cet)
>
> **2:24-cv-02574-MSN-atc Notice has been electronically mailed to:**
>
> Meghan Murphy     meghan.murphy@ag.tn.gov, lillian.valles@ag.tn.gov
>
> Kenneth Merritt   ken-merritt@msn.com

And the notice of the Magistrate Judge's Final Order to Show Cause (ECF No. 17) was sent to Plaintiff's email address on December 6, 2024, at 5:04 p.m. central standard time:

> **U.S. District Court**
> **Western District of Tennessee**
>
> **Notice of Electronic Filing**
>
> The following transaction was entered on 12/6/2024 at 5:04 PM CST and filed on 12/6/2024
> **Case Name:**       Merritt v. Wagner
> **Case Number:**     2:24-cv-02574-MSN-atc
> **Filer:**
> **Document Number:** 17
>
> **Docket Text:**
> FINAL ORDER TO SHOW CAUSE. Signed by Magistrate Judge Annie T. Christoff on December 6, 2024. (cet)
>
> **2:24-cv-02574-MSN-atc Notice has been electronically mailed to:**
>
> Meghan Murphy     meghan.murphy@ag.tn.gov
>
> Kenneth Merritt   ken-merritt@msn.com

Plaintiff received notice of the Show Cause Orders and was given an opportunity to be heard: namely, by filing a response to the two Show Cause Orders. For whatever reason, he did not file a response. Regardless, prior to the date of this order, the Court did not rule on the First Report, so any issues related to Plaintiff's receipt of the Show Cause Orders has not prejudiced him in this matter. Plaintiff's first objection is therefore **OVERRULED**.

4

B. **Denial of Due Process**

Next, Plaintiff objects that he was denied due process because despite his repeated requests for hearings, the Magistrate Judge resolved substantive motions without a hearing. He asserts the refusal to provide him a hearing "violates the due process principles articulated in *Matthews v. Eldridge*, 424 U.S. 319 (1976)." (ECF No. 37 at PageID 141.)

The Court's Local Rules explain that litigants may request hearings, but they are not entitled to them in every instance. Instead, the court will set a hearing if "the court determines that a hearing would be helpful or necessary." Local Rule 7.2(d). None of Plaintiff's motions involved the deprivation of a life, liberty, or property interest, and no hearing was required before they could be ruled on. Plaintiff's second objection is **OVERRULED**.

C. ***Sua Sponte* Rulings Without Notice or Record Support**

Plaintiff asserts that "the magistrate judge made dispositive rulings on issues not raised by the parties, absent briefing or hearing." (ECF No. 37 at PageID 141.) But Plaintiff does not specify which issues or rulings he is referring to. Without more, this objection is not specific enough to allow this Court to review the "dispositive rulings" that Plaintiff disputes. Plaintiff's objection is **OVERRULED**.

D. **Judicial Immunity and Administrative Acts**

Plaintiff objects that "to the extent the magistrate seeks to shield Judge Christoff under judicial immunity, such application is misplaced. Judicial immunity does not cover: Failure to ensure service of court orders. Refusal to document motions. Administrative delays. Misstatements in the record about communications with Plaintiff." (ECF No. 37 at PageID 141.)

This objection is a bit confusing. Defendant's complaint names Judge Mary Wagner as Defendant, while Judge Christoff is the Magistrate Judge who issued the First and Second Report.

5

The Court thus construes Plaintiff's reference to Judge Christoff as a typographical error. And in any event, Plaintiff's objection lacks merit. He asserts that the above are non-judicial "administrative acts" that do not enjoy judicial immunity, citing *Forrester v. White*, 484 U.S. 219 (1988) and *Mireles v. Waco*, 502 U.S. 9 (1991).

In *Forrester*, the Supreme Court held that a state-court judge did not have judicial immunity for her decision to dismiss a subordinate court employee. The Supreme Court reasoned that the state court judge's decision was akin to the decision of an "Executive Branch official who is responsible for making . . . employment decisions." 484 U.S. at 229. The Court explained that immunity turns on "the nature of the function performed, not the identity of the actor who performed it." *Id.*

In *Mireles*, the Supreme Court emphasized again that "the relevant inquiry is the 'nature' and 'function' of the act, not the "act itself." 502 U.S. at 13 (citation omitted). "In other words," the inquiry "look[s] to the particular act's relation to a general function normally performed by a judge." *Id.* The inquiry does not turn on whether the judge's actions were taken in error or in excess of her authority. *Id.*

The nature of the functions performed here are judicial, not administrative. The gravamen of Plaintiff's complaint is for actions performed by Judge Wagner, acting in her judicial capacity while presiding over state court proceedings before her. (*See* ECF No. 1 at PageID 1–2.) Judge Wagner is entitled to judicial immunity for those acts. Plaintiff's objection is **OVERRULED**.

E.     **Dismissal Pursuant to Rule 12(b)(1)**

Plaintiff argues that Federal Rule of Civil Procedure 12(b)(1) does not provide a basis for dismissal of his claims because they "are not implausible or frivolous but rooted in concrete administrative failings and due process violations." (ECF No. 37 at PageID 142.)

6

The Second Report recommends dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 36 at PageID 131–34.) Defendant's Motion to Dismiss argued that Plaintiff's official capacity claims against Judge Wagner were barred by sovereign immunity and the individual capacity claims were barred by judicial immunity. (*See* ECF Nos. 10 & 11.) The Second Report recommended finding the same.

In the Sixth Circuit, sovereign immunity is "a jurisdictional defect that should be addressed under Rule 12(b)(1)." *Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466, 478 (6th Cir. 2023) (citation omitted); *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) (explaining that sovereign immunity is treated "as a jurisdictional bar that, once raised as a jurisdictional defect, must be decided before the merits" (citation modified)). But judicial immunity is not jurisdictional, so it is considered pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Leech v. DeWeese*, 689 F.3d 538, 541 (6th Cir. 2012); *see also Harris v. Sec'y of State*, No. 23-5833, 2024 WL 4225713, at *3 (6th Cir. May 29, 2024) (noting that "judicial immunity is not a jurisdictional doctrine that deprives a court of the power to adjudicate a claim"); *Burnham v. Friedland*, 2022 WL 3046966, at *2 (6th Cir. Aug. 2, 2022) (Thapar, J., concurring) ("[J]udicial immunity isn't a jurisdictional doctrine.").

The Second Report recommends that the official-capacity claims against Judge Wagner be dismissed because they are barred by sovereign immunity. (*Id.* at PageID 134.) Dismissal based on sovereign immunity is properly decided pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff's objection is **OVERRULED**.

F.  **Pattern of Conduct**

Finally, Plaintiff alleges that "similar patterns have emerged" in the four lawsuits filed by Plaintiff that Magistrate Judge Christoff has presided over. These "patterns" consists of "*sua*

7

*sponte* rulings early in litigation," "delayed or absent responses to Plaintiff's motions," "recusal motions dismissed without explanation," and "procedural burdens imposed on Plaintiff while defendants face none." (ECF No. 37 at PageID 142.) Plaintiff asserts that these "patterns" "raise[] serious questions under 28 U.S.C. § 455(a)." (*Id.*)

Plaintiff, however, points to no examples to demonstrate or support the alleged "pattern." As the Second Report notes, Plaintiff has filed multiple lawsuits in this district. Magistrate Judge Christoff has been assigned to three of those cases (Case Nos. 2:24-cv-2550; 2:24-cv-2574; 2:24-2196); Magistrate Judge Claxton has been assigned to two (Case Nos. 2:25-cv-2943 and 2:25-cv-2669); and Chief Magistrate Judge Pham has been assigned to one (Case No. 2:23-cv-2453). In two of those cases, Plaintiff filed motions to recuse directed at either the assigned magistrate judge or district judge. (*See* Case No. 2:20-cv-2943, ECF No. 41 (seeking recusal of Judge Parker) and Case No. 2:23-cv-2453, ECF No. 88 (seeking recusal of Chief Magistrate Judge Pham)).

Plaintiff's allegations are without merit. Full stop. They are "conclusory and do not point to any facts to establish that the impartiality" of Magistrate Judge Christoff "may reasonably be questioned." *Merritt v. Flextronics Int'l USA, Inc.*, No. 23-5549, 2024 WL 5074876, at *3 (6th Cir. July 3, 2024) (citation omitted). Further, "judicial rulings alone almost never serve as a valid basis for recusal." *Id.* (citations omitted). Plaintiff's objection is **OVERRULED**.

### THE FIRST REPORT AND CLAIMS AGAINST CITY OF MEMPHIS

The procedural posture here is a bit weird. Plaintiff filed a motion to amend his complaint to add the City of Memphis ("City") as a Defendant. (*See* ECF No. 9, "Motion to Amend".) Magistrate Judge Christoff granted Plaintiff's Motion to Amend, yet Plaintiff never filed an amended complaint, and summons were never issued for the City of Memphis. Plaintiff's basis for adding the City as a Defendant was as Judge Wagner's employer. (ECF No. 9 at PageID 13.)

8

Because Plaintiff never filed an amended complaint as directed, the First Report recommended dismissal of this matter without prejudice for Plaintiff's failure to prosecute pursuant to Rule 41(b). As detailed in the First Report and Second Report, Plaintiff has repeatedly failed to file an amended complaint, despite multiple orders directing him to do so and warning that failing to comply could result in dismissal of this matter. The Second Report also concludes that Plaintiff has failed to state a claim against the City of Memphis. As the Second Report explains, the State of Tennessee is Judge Wagner's employer, not the City. (*See* ECF No. 36 at PageID 136.) And claims against the State of Tennessee are barred by sovereign immunity. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046–47 (6th Cir. 2015).

The Court construes Plaintiff's Motion to Set Aside Dismissal Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 19) as an objection to the First Report. In that filing, Plaintiff asserts that he did not receive notice of the Show Cause Orders. (ECF No. 19 at PageID 46.) But for the reasons explained in the Second Report (ECF No. 36 at PageID 36–37 & n.2.), Plaintiff's assertion regarding his lack of notice is implausible and not credible. Therefore, the construed objection to the First Report is **OVERRULED**.

This Court agrees with the First Report's recommendation that dismissal pursuant to Rule 41(b) is appropriate for Plaintiff's inchoate claims against the City of Memphis, and it **ADOPTS** the First Report to that extent, and those claims are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 37) are **OVERRULED**. The Magistrate Judge's Report and Recommendation for Dismissal (ECF No. 36, "Second Report") is **ADOPTED** in its entirety. Defendant's Motion to Dismiss is **GRANTED**, and all

9

Case 2:24-cv-02574-MSN-atc   Document 38   Filed 09/30/25   Page 10 of 10
                                     PageID 153

claims in this matter against Defendant Judge Mary Wagner are **DISMISSED WITH PREJUDICE**. The construed objection to the First Report (ECF No. 19) is **OVERRULED**, and the Report and Recommendation for Dismissal (ECF No. 18, "First Report") is **ADOPTED** as to the inchoate claims against the City of Memphis, and those claims are **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**, this 30th day of September, 2025.

                                       *s/ Mark S. Norris*
                                       MARK S. NORRIS
                                       UNITED STATES DISTRICT JUDGE

10